In re The BEACH CLUB, a California limited partnership, Debtor.

Henry MYERS, an individual, Plaintiff,

v.

The BEACH CLUB, a California limited partnership; the Innisfree Companies, a California corporation, Defendants.

Bankruptcy No. 3–82–00959–JR.
Adv. No. 3–82–0469–JR.

United States Bankruptcy Court,
N. D. California.

Aug. 6, 1982.

Matthew J. Shier, San Francisco, Cal., for defendants.

James R. Stillman, San Francisco, Cal., Anthony Wilson, Oakland, Cal., for plaintiff.

## OPINION AND ORDER

JACK RAINVILLE, Bankruptcy Judge.

The point at issue here is "good faith" in the filing of a Chapter 11 proceeding.

The facts are as follows:

1. Debtor is a limited partnership composed of Innisfree Corporation ("Innisfree") as general partner and Robert Huff, Vice President of Innisfree, as limited partner. The only asset of this partnership is a piece of real property in the Lake Tahoe region known as the Beach Club.

2. Prior to the creation of the limited partnership, this property was owned by Innisfree; and there was a first deed of trust on the property in favor of Sanwah Bank ("Sanwah") and a second deed of trust on the property engineered by a second mortgage broker known as American Oak Investment Company ("American Oak") in which there were several beneficiaries. Amongst them was Henry Myers, the plaintiff herein, as a beneficiary of $90,000.00 of the $320,000.00 second deed of trust. This second mortgage was placed on the property while the note from Innisfree to Sanwah was in default.

3. The first note from Innisfree to Sanwah which was purchased by plaintiff was a line of credit note with a balance due including interest and attorney's fees of about $240,000.00. The interest rate was three percent. The second note, with an interest rate of twenty-six percent, is fully matured and nothing has been paid on it. The market value of the property is approximately $1,600,000.00 and, therefore, the equity interest of the debtor in said property is at least 50% of that value.

4. Sanwah recorded a notice of default on its first deed of trust and scheduled a trustees' sale. During the running of the 90-day following the recordation of the notice of default, Innisfree attempted to obtain re-financing with which to pay off Sanwah. Myers paid off Sanwah, took an assignment of its note and deed of trust, and either paid or made arrangements to pay the other beneficiaries on the American Oak second deed of trust and proceed with the Sanwah foreclosure sale.

5. Innisfree filed a declaratory relief action and request for injunctive relief against Myers in the Superior Court of Placer County, California on the eve of the foreclosure sale claiming, amongst other things, that Sanwah and Myers had conspired to prevent Innisfree from refinancing the property.

6. A motion by Innisfree for a preliminary injunction was tried in the lawsuit. The state court denied Innisfree's application for a preliminary injunction, thereby allowing the foreclosure to proceed.

7. Innisfree consulted with its attorneys regarding the pros and cons of filing the Innisfree Corporation into a Chapter 11 proceeding in the United States Bankruptcy Court and rejected that course for the following reasons:

The business of the Innisfree Corporation is land development for residential purposes. Its method of operation is to enter into limited partnerships with various individuals and institutions to acquire land and take all of the necessary steps to plan the project; obtain construction financing, engineering, building permits, zoning changes; and all of the other steps necessary for real estate developments, particularly those of any considerable size.

At the time that the Beach Club property situation came to a head, the corporation was involved in five or six of these limited partnerships in each of which the corporation was the general partner. Extensive testimony was offered, believed by the court, that if

Innisfree filed a Chapter 11 proceeding it would jeopardize each one of these limited partnerships' development plans no matter at what stage of the proceedings each development was. Each of the development plans of these limited partnerships contemplated large returns upon its successful conclusions, some of them into the millions.

Accordingly, Innisfree made the decision to create a new limited partnership, the debtor herein, and to transfer the subject property to it and file for reorganization in this court pursuant to Chapter 11 of the Bankruptcy Code. The debtor with complete candor has acknowledged that this was the purpose of forming the debtor partnership and indeed the condition of the entry into the limited partnership by the limited partner, Huff. Debtor has pending before this court a petition for confirmation of a plan of arrangement providing for a liquidation of claims held by plaintiff over a period of time at current market interest.

Plaintiff brings this adversary proceeding for relief from stay alleging a lack of good faith and, in this particular, relying most heavily on two circumstances: the so-called new debtor's syndrome and the prior decision of the Placer County Superior Court denying Innisfree's application for preliminary injunction.

### 1. The Placer County Superior Court Decision

The second contention is more easily disposed of than the first. The Placer County Superior Court Judge, in deciding an application for the extraordinary relief of injunction, was faced with a different set of considerations than those that confront a bankruptcy court interested in the rehabilitation of debtors. After a careful examination of the pleadings and the decision of the Superior Court, this court can certainly find no quarrel with the state court judge's decision therein, but also this court draws no conclusion therefrom that the Placer

County lawsuit was brought by Innisfree on a claim of fraud against plaintiff. The court therefore finds no lack of good faith stemming from the circumstance of the Placer County action, nor unclean hands on the part of plaintiff herein.

### 2. The New Debtor Syndrome

The line of cases construing the term "cause" in Bankruptcy Code section 362(d)(1) most favorable to plaintiff is headed by *In Re Victory Construction Co. Inc.*, 9 B.R. 549, 7 B.C.D. 257, 3 C.B.C.2d 655 (Bkrtcy.C.D.Cal.1981). This case places heavy emphasis on the "new debtor syndrome" as practically being dispositive of the issue of good faith where there is a creation of a new entity succeeded shortly thereafter by a filing of a petition in the bankruptcy court.

This view has been modified in subsequent cases by other bankruptcy courts as being too sweeping in its scope and too simplistic in its approach. *See In Re Northwest Rec. Activities, Inc.*, 4 B.R. 36, 6 B.C.D. 164, 1 C.B.C.2d 713 (Bkrtcy.N.D. Ga.1980); *In Re Eden Associates*, 13 B.R. 578, 7 B.C.D. 1190, 4 C.B.C.2d 1249 (Bkrtcy.S.D.N.Y.1981).

This court adopts the modified view. While the court will always raise its eyebrows when a new debtor appears on the eve of a bankruptcy filing, the court will look to the substance of what has been done to determine whether the transfer to the new debtor has fatally and detrimentally altered the rights of creditors.

If we view the facts here in that light, what do we find? We find that:

(1) a valuable piece of property has been transferred to the new debtor in which there is manifestly a very large equity cushion;

(2) the liability of the general partner of debtor, Innisfree, is unaffected by the transfer, and

(3) the creation of the entity was effected for a good business purpose, to wit, to prevent the aborting of Innisfree's various investments and its consequent destruction. That motive (which under

some circumstances could be considered nefarious) is not evidence of bad faith for the foregoing reasons and for these additional reasons:

a. the fact that Innisfree was eligible to file its own Chapter 11 proceeding; *See In Re Northwest Rec. Activities, Inc., supra, In Re Tolco Properties, Inc.,* 6 B.R. 482, 6 B.C.D. 913, 3 C.B.C.2d 100 (Bkrtcy.E.D.Va.1980);

b. the fact that the plaintiff may be afforded adequate protection;

c. the fact that a feasible and workable plan of reorganization is presumably possible;

d. the fact that the general partner of the debtor is subject to potential liability in this case; and

e. the fact that various other safeguards exist in this court, including the appointment of a trustee.

To find bad faith here would be tantamount to saying that it would be preferable to wreck Innisfree to obtain for plaintiff a similar if not identical disposition that is obtainable here, and would further award plaintiff a substantial windfall of property equity.

The court therefore holds that:

(1) the petition filed pursuant to Chapter 11 of the Bankruptcy Code by the debtor herein was not filed in bad faith;

(2) there is adequate protection of plaintiff's interest in the subject property within the meaning of Bankruptcy Code section 362(d)(1); 11 U.S.C. § 362(d)(1); and

(3) the plaintiff's claim for relief from stay is denied.

This opinion shall constitute findings of fact and conclusions of law as required by Rule 752 of the Federal Rules of Bankruptcy Procedure. Fed.R.Bankr.P. 752.