**In re FJD, INC., a Nevada corporation.**

**Bankruptcy No. 82–521.**

United States Bankruptcy Court, D. Nevada.

Oct. 28, 1982.

Sallie B. Armstrong, Reno, Nev., for Richard Griebel.

John R. Martz, Reno, Nev., for Title Ins. and Trust.

F. Thomas Eck, III, Carson City, Nev., for debtor corp., FJD, Inc.

DECISION ON MOTION TO DISMISS

ROBERT W. SKIDMORE, Bankruptcy Judge.

THIS MATTER came on regularly for hearing upon secured creditor Richard Griebel's Motion to Dismiss pursuant to 11 U.S.C. § 1112(b). Sallie B. Armstrong appeared on behalf of Richard Griebel, John R. Martz appeared on behalf of Title Insurance and Trust, and F. Thomas Eck, III appeared on behalf of the debtor corporation.

The debtor corporation, FJD Inc., was formed under the laws of the State of Nevada on June 22, 1982. The only assets of the estate consist of four parcels of real property which were conveyed to the debtor on its date of formation by Frank and Jerrilee Donahue for consideration of $10.00. The schedules indicate that the Donahues are the principals of the debtor corporation. The petition for relief under Chapter 11 of the Bankruptcy Code was subsequently filed on June 28, 1982. The petition lists 18 secured creditors with debts totalling $1,149,306.00. Schedule A–3 lists only one unsecured creditor with a debt of $1,345.00.

One of the four parcels of real property is designated as 714 Chapagne, Incline Village. The testimony presented indicated that this property at all times material hereto was the personal residence of the Donahues. It has an estimated fair market value of between $900,000.00 and $995,-000.00, the Donahues have listed the property for sale for 9 months at $995,000.00, with encumbrances now in excess of $1,000,-000.00. No rent or mortgage payments had been made on this property to secured creditors or the debtor corporation since the petition was filed. The 714 Chapagne property is the subject of a mortgage foreclosure action which was pending at the time the petition was filed. A second parcel of the debtor corporation's real property was also the subject of a foreclosure action at the time of the filing.

The debtor's schedules state that it is involved in the business of "real estate." The evidence showed no ongoing business activities, that there are no employees, no employer identification number had been obtained, nor had any bank account been opened. The only identifiable income was $600.00 in rent from the parcel designated as 976 Jennifer, Incline Village. This money was deposited directly into the Donahues personal bank account. The evidence also indicated that the Donahue's own various other parcels of real property which were not conveyed to the debtor corporation.

The creditor's motion is based upon 11 U.S.C. § 1112(b) which provides that "... on request of a party in interest, and after notice and hearing, the court may convert under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter whichever is in the best interest of creditors and estate, for cause...." The statute then enumerates nine instances which constitute sufficient cause. Although not expressly set forth in the body of the statute, lack of "good faith" by the debtor in possession in filing a petition under Chapter 11 has been recognized by case law to be sufficient cause for dismissal under 11 U.S.C. § 1112(b). This is in contrast to previous requirements that the debtor bear the burden of showing and the court make an express finding of "good faith" under the Bankruptcy Act.

It should be pointed out at the outset that unlike the pre-code Chapter X, the Code does not expressly require an initial showing that the petition was filed in "good faith" and ... does not require a finding by the court that is was filed in "good faith".... Not withstanding, it has been recognized that "good faith" is an implied prerequisite for the maintenance of a viable business reorganization case under Chapter 11 of the Code, absence of which would warrant a dismissal. *In Re Victory Construction Co.*, 9 B.R. 549, 3 C.B.C.2d 655 (Bkrtcy. CD Cal.1981). Thus, one who envokes the protective provision of the Bankruptcy laws must always do so in order to accomplish and to further the expressed and implied legislative aims of the particular Chapter of the Code and not for any other purpose.... From the foregoing, it appears that nothing is in the Code itself or in its legislative history which would justify a conclusion that Congress, by omitting the express requirement of "good faith," intended to do away with the safeguard against abuse and misuse of the remedial provision of the Chapter, a safeguard which has been long established and a well entrenched part of the overall bankruptcy philosophy for almost a century. Thus "good faith" is still an implied prerequisite for the Debtor's ability to obtain ... relief under Chapter 11 of the Code

. . . . *Matter of First Dade Corp.,* 17 B.R. 887, 890–891 (Bkrtcy.Fla.1982).

## I. Creation of New Entity

The fact that the debtor entity was formed in proximity to the filing of the petition has been included as a key factor in determining the debtor's "good faith." The case law in this area falls into two lines of authority. One group of cases which have been designated "new debtor syndrome" cases, *In Re Beach Club,* 22 B.R. 597, 599 (Bkrtcy.Cal.1982), conclude that the fact that the debtor is a new entity which was created on the eve of the filing of the petition is strong evidence that the petition was not filed in "good faith." See, *In Re Victory Construction Co. Inc.,* 9 B.R. 549 (Bkrtcy.Cal.1981); *In Re Alison Corp.,* 9 B.R. 827 (Bkrtcy.Cal.1981); *In Re Dutch Flat Investment Co.,* 6 B.R. 470 (Bkrtcy.Cal. 1980). Other cases have adopted the approach of looking to the ". . . . substance of what has been done to determine whether the transfer to the new debtor has fatally and detrimentally altered the rights of creditors, *In Re Beach Club, supra.,* [22 B.R.] p. 599." Also see *In Re Northwest Rec. Activities, Inc.,* 4 B.R. 36 (Bkrtcy.Ga. 1980); *In Re Eden Associates,* 13 B.R. 578 (Bkrtcy.N.Y.1981); *In Re Spenard Ventures Inc.,* 18 B.R. 164 (Bkrtcy.Alaska 1982).

An example of the expanded analysis is contained in *In Re Beach Club, supra,* where a mortgagee sought relief from automatic stay and/or a dismissal for lack of "good faith." The property involved was a real estate development which was the subject of a foreclosure action in state court. When the mortgagor Innisfree Corporation's motion for preliminary injunction to enjoin the foreclosure was denied, a limited partnership was formed, designating Innisfree Corporation as general partner. Subsequently a Chapter 11 proceeding was filed by the limited partnership in an attempt to reorganize the project. The evidence indicated that Innisfree corporation was a general partner in five or six successful limited partnerships/real estate developments which were separate and apart from the Beach Club property. The Court found that ". . . the creation of the entity was effected for a good business purpose, to wit, to prevent the aborting of Innisfree's various investments and its consequent destruction. . . . *In Re Beach Club, supra* [22 B.R.], p. 599." The court held that the filing was not made in bad faith because it appeared that a feasible plan could be proposed, the liability of the general partner was not altered by the bankruptcy, and the creditors would be afforded the protection of the bankruptcy court.

## II. Business operations

The nature of the debtor's business operations is also a factor that is given great weight by the majority of the "good faith" filing decisions. Where the debtor has ongoing business activities which are continued in the Chapter 11 proceeding in an effort to seek reorganization, "good faith" is usually found, *In Re Spenard Ventures Inc.,* 18 B.R. 164 (Bkrtcy.Alaska 1982); *In Re Hewitt,* 16 B.R. 973 (Bkrtcy.Alaska 1982). The debtors in *In Re Hewitt, supra,* operated a restaurant and real estate rental business located in the same building. The petition under Chapter 11 was filed on the eve of foreclosure on the building. The court found no basis for the creditor's contention that the petition was filed in bad faith.

They [debtors] were attempting to improve the operation of their business or to obtain additional financing so as to avoid the need for bankruptcy proceedings. Their filing under Chapter 11 of the Code shortly before the scheduled foreclosure sale, when other alternatives were exhausted, was an attempt to preserve their trouble but still viable business for the benefit of themselves and their creditors, the very purpose of reorganization. . . . The filing of the petition was not solely one attempt to halt the foreclosure sale or to delay creditors from receiving the assets, but was filed with honesty of purpose and with a reasonable hope of success. These facts indicate good faith. *In Re Hewitt, supra,* p. 981.

Evidence that the debtor is not engaged in any viable business operations, however, shows lack of "good faith." *Matter of Mogul,* 17 B.R. 680 (Bkrtcy.Fla.1982); *In re Eden Associates,* 13 B.R. 578 (Bkrtcy.N.Y. 1981).

Under the Code, to prevent misuse of the Chapter 11 remedy by debtors which are not bona fide business organizations filing to reorganize an ongoing enterprise, a petition may be dismissed pursuant to § 1112(b). This is particularly applicable to asset-culled entities where debtors have elected not to submit the actual entities in interest to the jurisdiction of the court, thereby isolating the entities in interest from the scrutiny and control of the court during proceedings.... *In Re Eden Associates, supra,* p. 584.

III. Absence of Unsecured Creditors

 The absence of unsecured creditors has also been recognized as evidence that a Chapter 11 petition was not filed in "good faith." *In Re Dutch Flat Investment Co.,* 6 B.R. 470 (Bkrtcy.Cal.1980); *Matter of Nancant Inc.,* 8 B.R. 1005 (Bkrtcy.Mass.1981). If virtually all of the indebtedness runs to secured creditors, and there is no equity in the property which would benefit unsecured creditors, the invocation of Chapter 11 proceedings is an abuse of the Bankruptcy Court's jurisdiction.

CONCLUSION

The facts in the record clearly show that the debtor's petition was not filed in "good faith." There is no evidence indicating that the debtor corporation is or will be engaged in any business operations. The Donahue's continued use of one parcel of real property as a personal residence without payment of rent, the fact that the Donahues had other property that was not expressly conveyed to the corporation, and the comingling of corporate income with personal funds all reflect a total disregard for the corporation as a viable entity. The presence of one unsecured creditor who would be the sole beneficiary of a proposed reorganization, shows that the debtor corporation is noth-ing more than a shell which was formed for the sole purpose of impairing the secured creditors' efforts to realize on their collateral. Given these facts it is evident that it is in the creditors' best interest to have the petition dismissed so that they can pursue remedies in state court. Therefore, it is,

ORDERED, ADJUDGED, AND DECREED, that the petition herein is dismissed.