**In the Matter of JESUS LOVES YOU, INC., Debtor.**

**Bankruptcy No. 84–051.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 28, 1984.

Charles Schropp, Tampa, Fla., for Robert Thomas.

Domenic Massari, Tampa, Fla., for debtor.

David Quest, Asst. Atty. Gen., Dept. Legal Affairs, Tallahassee, Fla., for the State.

## MEMORANDUM OPINION ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are two Motions to Dismiss the case which was commenced by a Voluntary Petition for Relief under Chapter 11 filed by Jesus Loves You, Inc., (Debtor). One Motion was filed by the State of Florida and the other by Robert Thomas who was, at least up to a certain point in time, closely connected with the Debtor and who originally owned a certain tract of real property located in Hillsborough County, Florida. The Motions under consideration are based on two distinct grounds. First, it is contended by the Movants that filing the Petition was an unauthorized corporate act and, therefore, is without any force and effect, ab initio. Second, the Movants contend that the Petition was filed in "bad faith" and thus subject to a dismissal.

In opposition to these Motions, it is urged by the Debtor that the Movants have no standing to be heard at all because they are not parties of interest; that even if the original Petition was not formally authorized, it was later ratified by the Board of the Debtor; and, that in any event, the presence or absence of good faith of a Debtor is no longer relevant in the present instance because the Debtor already filed its Plan of Reorganization; that the Plan has been accepted by all the creditors of the Debtor; and, most importantly, that the proposed Plan contemplates a full payment of all valid claims against the Debtor. Since, according to the Debtor, this is the most important goal to be achieved in a Chapter 11 case, it is the Debtor's position that the contentions advanced by the Movants, even if correct, are now rendered moot or at least have become academic.

The facts as established at the protracted evidentiary hearing in this Court and also at a full trial which occurred in a state court proceeding prior to commencement of this case, are as follows:

The Debtor is a charitable non-profit corporation initially formed in 1976, pursuant to the applicable corporate laws of this state, Chapter 607 et seq. Florida Statutes. Gene Jandreu, a preacher, became the president of the Debtor corporation and was placed in full charge of all the affairs of the Debtor. The Debtor received by gift, the title to a substantial tract of land together with improvements, from Robert Thomas, one of the moving parties involved in the present matter under consideration.

It is without doubt that the Debtor was formed for the purpose of caring for delinquent boys by furnishing them with complete care, room and board, supervision and working opportunities. The boys who were boarded at the facility were referred by Health and Rehabilitative Services (HRS), an agency of the State of Florida and the Debtor was reimbursed by HRS for the cost of maintaining the facility. The money received from HRS was basically the sole source of income of the Debtor. As noted previously, Gene Jandreau was the President of the Debtor corporation and Jandreau's wife, Judy, became the Vice-

President. Loretta Brand, the daughter of Mr. and Mrs. Jandreau, was appointed to serve as Secretary-Treasurer.

Article VII of the Articles of Incorporation of the Debtor provides that the Debtor shall have at least five directors. The initial Board was composed by Gene and Judy Jandreau, Robert Thomas, William Carter and David Welch. It appears that Mr. Thomas and Mr. Carter voluntarily resigned in 1979 and they were never replaced by newly elected directors pursuant to the applicable by-laws of the corporation. Accordingly, after the resignation of Mr. Thomas and Mr. Carter, there remained only three Directors of the Board, Mr. and Mrs. Jandreau and Mr. Welch.

It further appears that in 1981, there were three suits filed against the Debtor in the Circuit Court in and for the Thirteenth Judicial Circuit, Hillsborough County, Florida. The original action was styled Robert Thomas and David Welch vs. Jesus Loves You, Inc. The second case was styled Robert Thomas, et al vs. Gene Jandreau and Judy Jandreau, and the third case was styled The State of Florida ex rel Jim Smith, Attorney General for the State of Florida vs. Jesus Loves You, Inc. and Gene Jandreau and Judy Jandreau. These cases were ultimately consolidated for trial.

After pending for almost two years, including two appeals, the case finally proceeded to trial. At the conclusion of the five day trial, the Circuit Court announced its oral findings and rulings but before it was able to reduce the findings and conclusions to writing, the Debtor filed its Petition for Relief in this Court. Of course, the filing triggered the automatic stay and prevented the Circuit Court from completing the case. Subsequent to the commencement of this case, this Court entered an Order and modified the automatic stay to permit the Circuit Court to reduce to writing its oral findings and conclusions.

On May 1, 1984, the Circuit Court entered its Final Judgment which included specific findings and conclusions. The Circuit Court held in its Final Judgment, inter alia, that Mr. Robert Thomas and Mr. David Welch were never properly expelled as members of the Debtor; they had all the rights and privileges of a member of the Debtor and David Welch was, and still is, a director of the corporation.

In addition, the Court held that under the applicable laws of this State, the Debtor is defunct and should be dissolved; and, that a Receiver should be appointed by a further Order, upon an application of any party, for the purpose of conserving and marshalling the assets of the Debtor. There is no doubt that this provision of the Final Judgment was in contravention of this Court's Order which modified the stay, but expressly provided that no receiver can be appointed without leave of this Court. The Final Judgment also impressed a trust on all assets of the Debtor in favor of its "charitable purpose" and contained a permanent injunction prohibiting the Debtor, its directors, officers, members, employees, attorneys, agents, servants, or any person acting in concert with them, from alienating, transferring, encumbering, wasting or otherwise affecting any properties of the Debtor. In fairness, it should be pointed out that the Circuit Court in its own Final Judgment stayed the provisions which dealt with the receivership, the paragraph which imposed the trusteeship, and the paragraph which reserved jurisdiction in the Circuit Court to award attorney fees and which retained jurisdiction to entertain any proceeding which might be brought by a receiver.

While the litigation was still pending in the State Court, Gene Jandreau, after having returned substantially all the boys to HRS, transferred by deed all the land and buildings of the Debtor to "Christ is the Answer, Inc.", an entity also controlled by him. It is without dispute that this entity was formed by him and remains under his sole and exclusive control.

It further appears that in July 1981, again during the pendency of the law suit in the Circuit Court, Gene Jandreau acting as President of Christ is the Answer, Inc., transferred the subject property to one Roland Marito, Jr. It is without dispute that

this transaction, just like the original transfer from the Debtor to Christ is the Answer, Inc., was not supported by any consideration whatsoever except the execution of a note and mortgage by Marito albeit, not in favor of Christ is the Answer, Inc., the alleged grantor, but in favor of one James Busby, as Trustee for the Debtor and for Roland Marito.

In September and October, 1981, Gene Jandreau issued various notes and mortgages in favor of Mr. Holland, the attorney who represented the Debtor during the entire state court proceeding. It further appears that in the summer of 1981 and during the pendency of the Circuit Court action, Gene Jandreau, after having returned the boys to HRS, moved his entire entourage to the State of Tennessee for the alleged purpose of resuming his ministry and continuing the work of the Debtor.

It appears from the Final Judgment entered by the Circuit Court that the transfer of the properties of the Debtor to Christ is the Answer, Inc., was for the sole purpose of "hide-the-land;" that it was transferred without legal approval of the corporation; and that the transfer to Roland Marito was also in furtherance of Gene Jandreau's attempt to conceal the property. It appears further that this last transfer was a total sham simply because even after the transfer to Christ is the Answer, Inc. and later to Roland Marito, Gene Jandreau continued to seek a purchaser for the land for the purpose of realizing enough money to pay some creditors and to use the funds to relocate his flock in Tennessee.

It was not until after the commencement of this case that Marito professed for the first time to be willing to obtain the necessary financing and pay for the land originally transferred two years ago, in order to legitimize the transfer. It should be noted that the single largest claim against the Debtor is the claim of Mr. Holland in the approximate amount of $195,000 which represents the majority of all claims against the Debtor which total approximately $330,000.

These are basically the underlying facts as found to exist by the Circuit Court in which this Court is called upon to determine whether or not the Motions to Dismiss this Chapter 11 should be granted on any of the alternative grounds asserted by the Movants.

■ The first ground asserted by the Movants is that the filing of a voluntary Petition for Relief under Chapter 11 was an unauthorized corporate act, inasmuch as the corporation was already defunct and dissolved as found by the Circuit Court. This proposition while it appears to be persuasive, does not stand close analysis. Under the applicable laws of this State, a dissolved corporation is eligible to sue and to be sued and is thus entitled to relief. The last surviving directors are deemed to be authorized to act on behalf of the corporation. Chapter 607.297, Florida Statutes.

■ The alternative ground asserted by the Movant is based on the contention that the petition was not filed in good faith. Dismissals of Chapter 11 cases are dealt with by § 1112(b) of the Bankruptcy Code. This Section recites both general and some specific grounds which warrant a dismissal. Concededly, there is nothing specific in § 1112(b) which requires or authorizes a dismissal of a Chapter 11 case for lack of good faith. However, there is no longer any question that the evidence of intent to abuse or misuse the reorganization process is sufficient "cause" to warrant a dismissal. In re *Victory Construction Co.*, 9 B.R. 549 (Bankr.C.D.Cal.1981); In re *299 Jack Hemp Associates*, 20 B.R. 412 (Bankr.S.D. N.Y.1982); In re *Spenard Ventures, Inc.*, 18 B.R. 164 (Bankr.Alaska 1982). While no single factors are determinative of the issue when the question of lack of good faith is raised, the Courts must examine all facts and circumstances of the case under consideration.

■ To overcome the obvious, the Debtor contends that inasmuch as it has already filed its Plan of Reorganization which procured the requisite majority of acceptances, and the Plan is now ready for

confirmation, the presence or absence of a good faith filing is academic. At first blush, this proposition appears to be persuasive and ordinarily in an economic setting of a business reorganization, this would be almost always determinative of the issue. However, this is not an orthodox business reorganization case. In the present instance there is hardly any doubt that the primary, if not the sole purpose of filing this Chapter 11 was to frustrate the present state court proceeding and particularly the State of Florida in its effort to uphold the overall policy aim of this State which governs charitable corporations, a policy designed to assure that charitable corporations should be used solely for the purpose for which they were formed and not for any individual monetary gains. To accept the proposal urged by the Debtor would be to place an imprimatur on a principle announced by the 15th Century Statesman, Prince Machiavelli in his work "Il Principe" which stands for the proposition that the end justifies the means. Thus, the Debtor urges that if all creditors will be paid in full, it makes no difference whether this is achieved by conduct which would otherwise be considered immoral if not illegal. This Court is not prepared to lend its hand to such an undertaking. Accordingly, this Court is satisfied that this Petition was not filed in good faith and, therefore, it is appropriate to grant the Motions to Dismiss this Chapter 11 case.

A separate Final Judgment will be entered in accordance with the above.