**In the Matter of Ercole VOLPE, d/b/a Rio Motel, Debtor.**

**Bankruptcy No. 85–30.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 27, 1985.

Michael Smith, Clearwater, Fla., for Rio Enterprises, Inc.

Cindy Turner, Tampa, Fla., for debtor.

## ORDER ON MOTION TO DISMISS WITH PREJUDICE AND IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dismiss with Prejudice and Impose Sanctions filed by Rio Enterprises, Inc. of Florida (Rio), a secured creditor in the above-styled case. Rio seeks an order dismissing this Chapter 11 case based on the contention that the petition was not filed in good faith. The facts relevant to a resolution of the controversy under consideration may be summarized as follows:

On November 1, 1983, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code which was assigned case number 83–2266. By order of this Court, dated February 9, 1985, that case was dismissed based upon the finding that the petition was not filed in good faith. A short recitation of the findings of fact contained in the February 9, 1985 order will be helpful to better understand the motion now under consideration.

On January 31, 1983, the Debtor and his wife transferred their ownership interest in a motel known as the Rio Motel located in Clearwater, Florida to Theodorus Borsje, Susan Borsje and Francisco Guysbertus Borsje (the Borsjes). The motel had been the Debtor's primary asset and his sole source of income. As consideration for the transfer, the Borsjes gave a purchase money third mortgage to the Debtor. Subsequently, the Borsjes instituted a suit in state court to rescind the transfer, vacated the motel and ceased all payments on the third mortgage.

In turn, the Volpe's instituted a foreclosure proceeding which was joined by the senior mortgagees, one of which is Rio, the movant in this matter. The Volpes also applied for and obtained the appointment of a receiver who operated the motel and was still in possession when the November 1, 1983 petition was filed.

This Court, in the February 9, 1984, order found that:

"Considering the facts and circumstances of this case, there is little doubt that this Debtor sought to invoke the jurisdiction of this Court in order to forestall the first and second mortgagees in their attempts to exercise their rights against the subject property. Inasmuch as the Court finds this to be an impermissable use of Chapter 11, the Motion to Dismiss shall be granted.

Thus, the November 1, 1983 petition was dismissed. The Debtor appealed the order dismissing the Chapter 11 case and this Court granted a stay pending appeal. The appeal, however, was eventually dismissed on October 25, 1984 based upon the Debtor's failure to file its brief.

Of particular importance to the finding of bad faith in the February 9, 1984 order was the fact that the Debtor was not the owner of the motel at the time the petition was filed but was only a junior lienor who was apparently undersecured. As this Court found, Chapter 11 was never intended as a device to protect undersecured junior mortgagees.

After the dismissal of the appeal, the second mortgagees scheduled a hearing in state court for the purpose of obtaining a foreclosure sale date, apparently pursuant to the Summary Judgment of Foreclosure entered on November 1, 1983. The hearing was scheduled for January 8, 1985, however, on January 7, 1985, the Debtor filed the instant case pursuant to Chapter 13 of the Bankruptcy Code. Prior to the filing of this case but after the original appeal was dismissed, the Borsjes reconveyed the motel property back to the Debtor. The motel is the Debtors primary asset and only business to be reorganized.

On March 6, 1985 Rio filed a Motion to Dismiss, directed to the Chapter 13 petition, which was heard on April 15, 1985. On April 18, 1985 this Court entered an Order on Motion to Dismiss Chapter 13 petition, found that the Debtor was not eligible for relief under Chapter 13 because he had more than $350,000 of non-contingent, liquidated secured debt and granted leave to the Debtor to convert the case to one under Chapter 11. On April 23, 1985 the Debtor converted the case to one under Chapter 11. On June 13, 1985 Rio filed the Motion to Dismiss with Prejudice and Impose Sanctions which is presently under consideration.

Since the conversion, the Debtor has entered into a stipulation with Rio and pursuant thereto has made adequate protection payments of $1,580 per month. It is the Debtor's position that the fact that the Debtor now owns the motel, is operating it and is making adequate protection payments to Rio eliminates the primary reason for the dismissal of the original Chapter 11. Thus, the Debtor claims that the present motion is without merit. This Court must now consider whether the circumstances presented by the instant Chapter 11 case are so different from the prior Chapter 11 case to warrant a denial of the present motion to dismiss.

While "good faith" is not an express condition to the filing and maintainance of a Chapter 11 case, § 1112(b) of the Bankruptcy Code permits the court to dismiss or convert a case for cause. § 1112(b) lists nine instances of "cause" but is not exhaustive. Accordingly, the determination of cause under § 1112(b) is "subject to judicial discretion under circumstances of each case". *In re Nancant*, 8 B.R. 1005 (Bankr.D.Mass.1981). As stated in *In re Albany Partners, Ltd.*, 749 F.2d 670, 12 BCD 787 (11th Cir.1984).

"The equitable nature of this determination supports the construction that a debtor's lack of "good faith" may constitute cause for dismissal of a petition. In finding a lack of good faith, courts have emphasized an intent to abuse the judi-

cial process and the purposes of reorganization. Particularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of a petition for lack of good faith is appropriate. *See In Re Eden Associates*, 13 B.R. 578, 583–85 (Bankr.S.D.N.Y.1981); *In re Victory Construction Co., Inc.*, 9 B.R. 549, 555–56, 558, 564–65 (Bankr.C.D.Cal. 1981); *In re G–2 Realty Trust*, 6 B.R. 549, 552–54 (Bankr.D.Mass.1980); *In re Dutch Flat Investment Co.*, 6 B.R. 470, 471–72 (Bankr.N.D.Cal.1980); *see also In the Matter of Levinsky*, 23 B.R. 210, 219–20 (Bank.E.D.N.Y.1982); *In the Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 36, 3840 (Bank.N.D. Ga.1980)."

At the hearing on this matter, the Debtor and his accountant both testified that refinancing was being sought in order to take out the first and second mortgagees. It should be noted that the present mortgage held by Rio is at 7¼ percent per annum. This is substantially below present market rates at which the Debtor would have to refinance. While the Debtor's accountant was optimistic about the possibility of obtaining refinancing, it appears that efforts have been made to refinance the property for a number of years without success. In fact, it appears that the Debtor's present prospects are no better than they have been in the past and that any chance of refinancing is speculative at best.

The Debtor's schedules and amendments thereto reflect only six unsecured creditors:

| | |
|---|---:|
| Anthony De Paola | $3,000 |
| Allesandri & Co., P.A. | 2,500 |
| George M. Osborne | 2,000 |
| James A. Baxter | Unknown |
| Chandler-Sayer Assoc. Inc. | 200 |
| Fogarty & Finch, Inc. | 800 |

█ It appears, therefore, from the record, that except for some minor unsecured creditors, this case was filed primarily to stop the pending foreclosure by Rio.

While an eve-of-foreclosure filing does not necessarily show a lack of good faith, it is, of course, one factor to consider. *In re Beach Club*, 22 B.R. 597, 9 BCD 573 (Bankr.N.D.Cal.1982). It should also be noted that Chapter 11 was not designed as an alternative forum for debtors to litigate primarily two party disputes (i.e. a mortgage foreclosure). *North Central Development Co. v. Landmark Capital Co., (In re Landmark Capital Company)*, 27 B.R. 273 (Bankr.D.Ariz.1983).

█ Considering the facts in toto, this Court is convinced that the petition in this case was not filed for the purpose of reorganizing the Debtor's financial affairs. There appears to be no realistic possibility of obtaining refinancing which would be essential to an effective reorganization. In addition, it appears that this case was commenced primarily to delay and frustrate the foreclosure action by Rio. Based upon these conclusions, it is clear to this Court that the petition in this case was not filed in good faith.

█ With respect to Rio's request for sanctions, this Court finds no basis upon which to grant the motion. In order to warrant the imposition of sanctions, this Court would have to find that the petition in this case was filed solely for vexatious, oppressive, or other improper purposes. 28 U.S.C. § 1927. This Court finds no such purpose. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss with Prejudice and Impose Sanctions filed by Rio Enterprises, Inc. of Florida be, and is hereby, granted in part and denied in part. The motion shall be denied insofar as it seeks to impose sanctions against the Debtor, Ercole Volpe, and shall be granted insofar as it seeks a dismissal of this case. It is further

ORDERED, ADJUDGED AND DECREED that this case be, and is hereby, dismissed.