**In re Virginia M. KASDORF, Debtor.**

**In re Lucy A. SMITH, Debtor.**

**Bankruptcy Nos. 85 B 07474 J, 85 B 07475 M.**

United States Bankruptcy Court, D. Colorado.

Aug. 20, 1986.

William C. Danks, Denver, Colo., for debtors.

Andrew J. Simpson, Thorvilson, Osgood and Simpson, Boulder, Colo., for Tri-State Bank.

### ORDER

RONALD J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on Tri-State Bank's motion to dismiss, or,

alternatively, motion for relief from automatic stay. A hearing was held on August 6, 1986. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and § 157.

The debtors in these joint cases, two sisters, made a note in favor of Tri-State Bank in the amount of $100,000.00, secured by real property in Evergreen, Colorado, owned in joint tenancy by the debtors. This note was made in exchange for a loan which enabled the debtors to buy into a real estate limited partnership in Frisco, Colorado. The bank has received no payment on that note since August, 1985. In September, 1985, the debtors filed an action against the bank in state court, alleging that the note and deed of trust are invalid. The bank commenced foreclosure on the debtors' real property on October 23, 1985. Pursuant to state statute, a Rule 120 meeting was held on December 2, 1985, and a public trustee's sale was authorized. The bankruptcy petitions were filed two days later, on December 4, 1985.

The bank contends that the petitions were filed in bad faith. It points out that the debtors have only two secured creditors, the bank and the school pension fund, and that the pension fund payments are current. In addition, the bank emphasises the small amount of the debtors' unsecured debt. It also states that, under the debtors' joint plan, section 4.4(B), the bank will only be paid if the debtors are unsuccessful in state court. The bank argues that these facts, combined with the fact that the petitions were filed on the eve of foreclosure, demonstrate the debtors' bad faith and intent to discriminate unfairly against the bank.

The debtors maintain that the note and deed of trust should be considered invalid because the bank knew the debtors did not have sufficient cash flow to make payments on the note. The debtors state that the note was signed togther with one Mr. Keller, the promoter of the Frisco real estate project, and that the bank understood that Keller was to make the payments on the note. The debtors assert they have used all their available cash to make payments on the loan, and intend to make enough money through subdivision and sale of their Evergreen property to pay off the loan. They further contend that the Chapter 11 petitions were filed because they had run out of time to work out payment, and needed the bankruptcy court's protection in order to reorganize. The debtors compare their cases to an agricultural bankruptcy, and claim that they had a legitimate business purpose in filing their petitions.

■ In determining whether a petition has been filed in bad faith, warranting dismissal, a court must consider all the facts and circumstances of the case. *Matter of Herndon Executive Center, Inc.,* 36 B.R. 803, 806 (Bankr.M.D.Fla.1984). In addition a court must weigh each factor considered in accordance with the facts and circumstances of a particular case, and should not allow any one factor to be controlling. *Flygare v. Boulden,* 709 F.2d 1344, 1348 (10th Cir.1983). Bankruptcy Courts have examined there major factors in assessing whether a filing was made in bad faith: (1) the timing of the filing of the petition, (2) the motive of the debtor in filing the petition, and (3) the accuracies or inaccuracies of the debtor's assertions on its petition and schedules. *In re Block K Associates,* 55 B.R. 630, 633 (Bankr.Colo.1985).

■ It is true that the debtors in this case filed their petitions "on the eve of foreclosure." However, the evidence showed that the debtors had attempted to arrange payment for the bank, but had simply run out of time. The debtors admit that prevention of foreclosure was one reason for the filings, but also state a desire to reorganize their finances under the bankruptcy court's protection. There has been no showing that forestalling the foreclosure sale was the only purpose of the petitions. Rather, they have indicated their good faith by taking action to subdivide and market the real property, in accordance with a promptly-filed plan.

Unlike the debtor in *Block K, supra,* these debtors do not have a history of

attempting to frustrate and delay the bank's exercise of its rights. Indeed, the bank has received $76,000.00 in interest payments. Further, while a small amount of unsecured debt can be a sign of bad faith in some cases, *see In re FJD, Inc.*, 24 B.R. 138 (Bankr.Nev.1982), the instant case is one in which the debtors simply do not have very many creditors, secured or unsecured. They should not be denied an opportunity to reorganize simply because they have not managed to acquire scores of creditors.

The debtors here are not businesses, as in *In re Mildevco* 40 B.R. 191 (Bankr.S.D. Fla.1984), and *In re Landmark Capital Co.*, 27 B.R. 273 (Bankr.Ariz.1983), cited by the bank. They are individuals, and they do not have numerous creditors or various business enterprises. They are however, entitled to try to reorganize by marketing their real property, and have demonstrated no improper motive in attempting to do so.

Finally, there has been no issue raised as to the accuracy of the information contained in the debtors' petitions and schedules. The Court's review reveals no inaccuracies on the face of these documents, and the Court will accept them as accurate.

For the above reasons, the bank has failed to show that these petitions were filed in bad faith. The Court will therefore deny the motion to dismiss.

As to the request for relief from stay, the Bankruptcy Code states that a court shall grant such relief to a party in interest:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if

(a) the debtor does not have an equity in such property; and

(b) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In the case at bar, the bank has provided no evidence of lack of adequate protection.

It has also failed to show any proof that the debtors lack equity in the subject property. In addition the debtors' response to the bank's motion asserts that the property is necessary to an effective reorganization. Since the bank does not meet the requirements of 11 U.S.C. § 362(d), relief from stay cannot be awarded. It is, therefore,

ORDERED that Tri-State Bank's motion to dismiss, or, alternatively, for relief from automatic stay is denied in its entirety. Each party will bear its own costs as to this motion.