**In the Matter of Newton Alfred WINN, Debtor.**

**Bankruptcy No. 83–2233.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 5, 1984.

Albert Gordon, Tampa, Fla., for debtor.

F. Wallace Pope, Clearwater, Fla., for School Pictures Of Mississippi, Inc.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion to Dismiss filed by School Pictures of Mississippi, Inc. (School Pictures), a creditor of Newton Alfred Winn (Debtor), in the above-styled Chapter 11 case. School Pictures seeks a dismissal of the Chapter 11 case based on the contention that the Petition for Relief was not filed in good faith and is merely an attempt by the Debtor to avoid the consequences of fraudulent acts already asserted against him in several lawsuits.

The Court heard argument of counsel, considered the record in its entirety and finds and concludes as follows:

On June 24, 1981, the Debtor, a practicing attorney, entered into a contract with School Pictures for the exclusive right to conduct a school picture taking business in certain specified Florida counties. The contract included the following provisions:

5. CONTRACTOR'S DUTIES. During the term of this Agreement the Contractor shall diligently promote the established marketing programs of photographic services of the Company in the territory described herein. Such duties shall include but not be limited to the following: ... (d) the Contractor shall act as trustee for the collection of all monies due and owing to the Company; (e) the Contractor shall establish and maintain a depository account for the exclusive benefit of the Company. All funds collected by the Contractor will be deposited in said account...

5. LEASE OF EQUIPMENT. The Company may elect to rent or furnish to the Contract such cameras and other equipment (hereinafter "Equipment") as the Contractor may reasonably require in carrying on his photographic business; such agreement as to the use of equipment shall be executed on the Company's standard form agreement. Titles to said property shall remain in the Company, and the Contractor shall surrender any and all such property and/or Equipment upon cancellation of this Agreement. At the termination or expiration of this contract, the Contractor shall promptly return such property to the Company in as good condition as when received by the Contractor, reasonable wear and tear accepted.

On May 16, 1983, based on its belief that the Debtor had breached these provisions of the agreement, School Pictures initiated a lawsuit against the Debtor, individually and against School Pictures of Central Florida, Inc. (Corporation) in the Chancery Court of Hinds County, Mississippi. On the same day, the Chancellor entered a

Temporary Restraining Order enjoining the Debtor and the Corporation from interfering with contracts and purchase orders for pictures entered into between "Defendants and/or School Pictures of Mississippi, Inc. ... and various schools in the counties of ... in the State of Florida;" converting trust fund monies; transferring, conveying or converting equipment furnished to the Debtor competing with School Pictures in the specified counties; using the trade name "School Pictures of Central Florida;" serving in any capacity in competition with School Pictures; disclosing any confidential information related to school pictures; and distributing any funds collected on behalf of School Pictures to any person or entity other than School Pictures. The Chancery Court also ordered a surrender and delivery of all trust fund monies and all equipment held by the Debtor; a surrender and delivery of copies of all confirmed photography agreements and shooting schedules; and, a surrender and delivery of all lists and documents used in connection with School Pictures' business. The Temporary Restraining Order was extended on May 24, 1983 and June 3, 1983 and it is without dispute that the Debtor did not comply with the Temporary Restraining Order. It further appears that shortly thereafter the Debtor departed for a trip overseas.

On June 13, 1983, the action filed in the Chancery Court of Hinds County, Mississippi was removed by the Debtor and the corporation to the United States District Court for the Southern District of Mississippi. On the same day the District Court imposed its own Temporary Restraining Order which contained the same restraints on the Debtor and the corporation previously imposed by the Chancery Court, but did not order the surrender and delivery of either monies or properties covered by the previous state court injunctions.

On June 23, 1983, after a hearing on a Motion for Preliminary Injunction filed by School Pictures, the District Court issued the Preliminary Injunction (which now also included the directives to surrender and to turnover to School Pictures all "trust funds" and all equipment previously or-

dered to be turned over to the Chancery Court). On August 16, 1983, the District Court held the Debtor and the Company in contempt for failure to comply with orders of the District Court. The August 16 judgment directed the Debtor and the Company to, among other things, (1) comply with previous court orders; (2) cease and desist from using the name and interfering with mail of School Pictures, etc.; (3) pay compensatory damages in the amount of $13,900; and to remit $90,000 which was collected by the Debtor and which would have been deposited in a trust fund. The District Court granted 20 days within which to comply with the August 16 contempt judgment and imposed a $500 fine for each day of non-compliance beyond the 20 days. There is no doubt that the Debtor and the Corporation failed to comply with the terms imposed by the District Court.

In late August, 1983, the Debtor and the Corporation moved to dismiss the action and sought to vacate the contempt order based on a jurisdictional challenge and excusable neglect. The Motion was denied. School Pictures then instituted an action to enforce the contempt judgment in the United States District Court for the Middle District of Florida. On October 27, 1983, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. On November 9, 1983, this Court entered an order authorizing the Debtor to continue to operate his business, in this instance, to practice law. This Order was entered ex parte and as a matter of routine based on § 1108 of the Bankruptcy Code which permits debtors in possession to continue to operate unless otherwise provided for by an order of the court. On January 30, 1984, School Pictures filed a complaint to determine dischargeability of debt based on § 523(a)(4) and (6).

On March 20, 1984, this Court scheduled a status conference for April 18, 1984 for the purpose of ascertaining the bona fide intent of the Debtor to proceed with deliberate speed toward confirmation. The scheduling of the status hearing was prompted by the Debtor's failure to file a

Plan of Reorganization and Disclosure Statement. On April 17, 1984, School Pictures filed a Motion to Dismiss the case which is the matter under consideration. The Motion to Dismiss is based on the contention advanced by School Pictures that the Petition of the Debtor was not filed in good faith, therefore, it should be dismissed. School Pictures also seeks, in the alternative, the appointment of a trustee pursuant to § 1107.

■ Considering the Motion to Dismiss first, it is well to state at the outset that there is no provision in the Bankruptcy Code which requires dismissal of a Chapter 11 case for lack of good faith. The concept of good faith was recognized either expressly or implicitly as part of all relief chapter proceedings under the Act of 1898. For example, §§ 74(a), 77, 77(a), Chapter IX and Chapter X each contained an express requirement of "good faith" as a condition precedent for obtaining relief. While § 75, and Chapters XI, XII, XIII of the Act, unlike Chapter X, did not expressly require a showing of good faith in order to file and maintain a case, courts did not hesitate to imply such a requirement in order to prevent abusive filings; see, Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937); In re Colonial Realty Investment Co., 516 F.2d 154 (1st Cir. 1975); Ira Haupt Co. v. Klebanow, 348 F.2d 907 (2d Cir.1965).

The Bankruptcy Code combined former Chapters X, XI and XII into one relief chapter, i.e. Chapter 11. This Chapter does not expressly require a showing of good faith in order to commence and maintain a Chapter 11 case. However, there is no doubt that this omission was not intended by Congress to reverse the long line of judicial decisions which recognized an implied good faith requirement. While it is true that § 1112(b) does not include lack of good faith as a ground for dismissing a case, the Senate Report to § 1112(b) leaves no doubt that the grounds for dismissal set forth in § 1112 of the Code was not meant to be exhaustive and courts were left free to consider factors, other than those enumerated in § 1112(b) courts were left free to use equitable powers to reach an appropriate result in individual cases. S.Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S.Code Cong. & Ad.News 5787. Thus there is no doubt that good faith is still an implied prerequisite to filing and maintaining a case under Chapter 11 of the Code. In re Victory Construction Co., Inc., 9 B.R. 549 (Bankr.C.D.Cal.1981); In re FJD, Inc., 24 B.R. 138 (Bankr.D.Nev. 1982); In re Dolton Lodge Trust No. 35188, 22 B.R. 918 (Bankr.N.D.Ill.1982); In re Beach Club, 22 B.R. 597 (Bankr.N.D. Cal.1982).

■ In the instant case, there is hardly any doubt that the primary, if not sole, purpose for filing the Chapter 11 was to frustrate the contempt proceeding in the United States District Court for the Southern District of Mississippi. Moreover, the Court is of the opinion that an attempt by a Debtor to circumvent or escape the consequences of a contempt judgment issued by a court of competent jurisdiction was never a legitimate aim to be achieved by use of the rehabilitation provisions of this Chapter and without doubt constitutes an impermissible use of Chapter 11 of the Bankruptcy Code. It is now well established that evidence of an intent to abuse or misuse the reorganization process is sufficient "cause" to warrant a dismissal under § 1112(b), In re 299 Jack Hemp Associates, 20 B.R. 412 (S.D.N.Y.Bankr.1982); In re Spenard Ventures, Inc., 18 B.R. 164 (D.Alaska Bankr. 1982).

It should be noted that School Pictures is the largest of eleven unsecured creditors listed on the Debtor's schedules. The debts attributed to the other ten creditors are relatively insignificant in relation to the debt scheduled by the Debtor as owed to School Pictures. While these facts by themselves are not conclusive and do not compel to conclude bad faith, they are certainly relevant and cannot be ignored in the consideration of lack of good faith of this Debtor in filing this Petition.

In light of the foregoing, this Court is satisfied that the Chapter 11 case styled In

*re Newton Alfred Winn a/k/a N. Alfred Winn,* Case No. 83–2233 was not filed in good faith.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss filed by School Pictures of Mississippi, Inc. be, and the same hereby is, granted and the Chapter 11 case filed by Newton Alfred Winn be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Clerk of the Bankruptcy Court be, and the same hereby is, directed to give notice of the entry of this Order to all parties of interest and creditors.