**In re: CLAUSE ENTERPRISES OF FT. MYERS, LTD., Debtor.**

**Bankruptcy No. 92–13114–9P1.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 3, 1993.

Don Stichter, Tampa, FL, for debtor.

Stanford R. Solomon, Tampa, FL, for Barnett Bank of Lee Cty, NA.

## ORDER ON MOTION TO DISMISS CHAPTER 11 CASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case filed by Clause Enterprises of Ft. Myers, Ltd. (Debtor). The Debtors right to seek rehabilitation under this Chapter is challenged by Barnett Bank of Lee County, N.A. (Barnett). The Motion to Dismiss is based on the contention of Barnett that this Chapter 11 Petition was filed in bad faith which in turn would warrant a dismissal for "cause"

pursuant to § 1112(b). The facts which appear from the record as established at the final evidentiary hearing are basically without dispute and are as follows.

The Debtor is a limited partnership. Its general partner is The Donald J. Clause Organization of Florida, Inc. The Debtor has three limited partners: College Properties of Lee County, Inc.; The Kaatz Family Limited Partnership; and Oberlin Shansi Memorial Association.

The Debtor owns a large tract of undeveloped land in Lee County, Florida. The Debtor purchased the property intending to construct the necessary infra-structure, subdividing it and selling individual parcels to third parties, to be developed by them. The property is currently raw acreage zoned for agricultural use, although the property has been rezoned and approved for commercial multi-use development. It is currently being used only as grazing land to preserve the agriculture zoning. The Debtor has been successful in qualifying the land under the Florida Quality Development Program (FQD), which according to the Debtor enhances the marketability of the property. However, this designation was conditioned on the conveyance of 50 acres of wetlands by the Debtor to the State of Florida. So far, the Debtor has not conveyed this wetland acreage to the State, although the Debtor has stated that it is willing to do so.

The only other asset of this Debtor is a right to receive impact fee credits from Lee County, Florida. As part of the Debtor's development of the subject property, the Debtor transferred to Lee County a portion of the subject property which was developed into the spring training facility of the Minnesota Twins. In consideration of the contribution of the land, the Debtor received impact fee credits totalling approximately $2.5 million. The Debtor and the County agreed that the County would buy back the credits at a 20% discount. This "buy-back" is to be paid in annual installments of approximately $400,000.00, made on the first of each year. These payments have been made by the County, and there remains the 1993 payment and the 1994

payment, a balance of approximately $750,-000.00.

Barnett is the holder of a final judgment arising from Barnett's first mortgage lien on the subject property. The Debtor's general partner, as well as members of the Clause family are guarantors on the note secured by the mortgage. It is without dispute that the indebtedness owed to Barnett is approximately $7,500,000.00 with an interest accrual rate at $2,454.56 per day. Barnett's mortgage fully matured on December 15, 1991. Barnett and the Debtor attempted to renegotiate the mortgage. As part of the renegotiation, the Debtor agreed to provide additional collateral for the loan, in exchange for Barnett's willingness to restructure the nature of the mortgage. Initially, this additional collateral was to be the residence of the Debtor's partner, Donald J. Clause, Jr. This provision was not acceptable to the Debtor, and the Debtor sought to substitute this proposed collateral with cash or cash equivalent. After further negotiation, the Debtor agreed to assign to Barnett the impact fee credit payments which the Debtor was entitled to receive in the near future from the County, as the additional collateral under the refinancing. Although the Debtor did execute the assignment, the refinanced loan never closed.

Upon the failure of the refinancing loan to close, Barnett began their foreclosure action in the Circuit Court for Lee County, naming as defendants, the Debtor, and the four guarantors. Summary Judgment was entered on October 1, 1992 by consent of the Guarantors. It is disputed whether the Debtor joined in the consent. On October 5, 1992, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code, which, of course, brought the foreclosure action to a halt.

It is without dispute that the Debtor has no employees, with the exception of members of the Clause family. According to the Schedules filed by the Debtor, the Debtor has approximately ten (10) creditors, including Barnett. Based upon the Schedules, the total indebtedness owed by this Debtor to other creditors, excluding Barnett, is approximately $118,436.38. The unsecured nonpriority claims total $116,-946.73 which is due to accountants, attorneys, and market and transportation analysts. In addition, it appears that there are several problems which present serious obstacles to development of the property: first, the subject property is not platted, second, the infrastructure of the development is only in an embryonic stage, and third, there are no apparent funds to further development of the infrastructure of the land unless the Debtor is successful in establishing that Barnett is not entitled to the impact fee, because the assignment is unenforceable for failure of consideration since the refinancing was never completed.

Based upon these facts, Barnett contends that this case satisfies all or almost all of the requirements for dismissal for cause pursuant to § 1112(b) of the Bankruptcy Code, supported by extensive caselaw. In opposition, the Debtor contends that the subject property is ready to be developed, asserting that the property can be easily platted, making the property readily saleable, which would generate sufficient income to make the entity economically viable.

A mechanical application of the factors set forth in *Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986), indicates that this case does in fact have most of the hallmarks of bad faith. This in turn would compel the conclusion that this Chapter 11 case was in fact filed in bad faith and should be dismissed. However, it is equally recognized that not one single factor set forth in *Little Creek, supra,* is determinative of the issue of the lack of good faith of a debtor seeking relief under Chapter 11 of the Bankruptcy Code. *In re Natural Land Corporation,* 825 F.2d 296 (11th Cir.1987); *In re Albany Partners Ltd.,* 749 F.2d 670 (11th Cir.1984). While *Little Creek* is still well-recognized as persuasive authority, it is equally true that there is nothing inherently improper for a debtor with one single asset to attempt to reorganize its affairs under the rehabilitative provisions of the Bankruptcy Code. In the last analysis, the key considerations are

(1) the Debtor's motivation to file the Petition; (2) the economic vitality of the Debtor; (3) the Debtor's real need to reorganize; and (4) the ability of the Debtor to achieve reorganization.

■ The central feature to this Chapter 11 is the impact fee credit payments the Debtor is to receive from the County. Because of the failure of the Bank and the Debtor to close on the refinancing loan, it is unclear from this record whether Barnett is entitled to this payment, or if Barnett has a valid and enforceable assignment of these payments. These payments are crucial to the Debtor's ability to market and develop the property.

Notwithstanding the foregoing, and the precarious economic condition of the Debtor, this Court is satisfied that the Debtor should be given one single chance to reorganize its affairs and achieve confirmation. Therefore, the Debtor must file its Disclosure Statement and Plan of Reorganization within 30 days from the date of the entry of this Order, and be allowed one amendment to its Disclosure Statement and its Plan of Reorganization. Finally, the Debtor must immediately convey the 50 acres of wetlands to the state of Florida, as required under the Florida Quality Development zoning designation. If the Debtor is unable to achieve confirmation, this Court will reconsider Barnett's Motion to Dismiss.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss is hereby denied. The Debtor is directed to file a Plan of Reorganization within 30 days of the entry of this Order. The Debtor will be allowed one amendment to the Disclosure Statement and to the Plan of Reorganization. The Debtor will be entitled to one opportunity to achieve confirmation of its Plan of Reorganization. In the event the Debtor fails to achieve confirmation, this Court will reconsider dismissal of the case. It is further,

ORDERED, ADJUDGED AND DECREED that the Debtor is hereby directed to convey within twenty days of the date of this Order the 50 acres of wetlands to the State of Florida, as required by the Florida Quality Development zoning designation.

DONE AND ORDERED.