**In re Kevin ADELL, Debtor.**

**No. 9:03–bk–23684–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 22, 2005.

Ralph E. McDowell, Bodman, Longley & Dahling, LLP, Detroit, MI, Dawn A. Carapella, Trenam, Kemker, Scharf, Barkin, et al., Tampa, FL, Roberta A. Colton, Tampa, FL, Barbara A. Hart, Ruden McClosky, St. Petersburg, FL, Asher Rabinowitz, Ruden McClosky, Tampa, FL, for Debtor.

*ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING CONFIRMATION; AND GRANTING MOTION FOR PERMISSION TO FILE AND FOR THE COURT'S CONSIDERATION OF SECOND PLAN MODIFICATION* (Doc. No. 461)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 case of Kevin Adell (Debtor) is a Motion for Reconsideration or Order Denying Confirmation; Motion for Permission to File and for the Court's Consideration of Second Plan Modification. (Doc. No. 461). In his Motion, the Debtor seeks this Court's reconsideration of the October 27, 2004, Order on Confirmation of Fourth Amended Chapter 11 Plan of the Debtor and Corrected Modifications to the Same (Confirmation Order) (Doc. No. 455), and also seeks permission to file Debtor's Second Modification to the Plan. In its Confirmation Order, this Court denied confirmation of the Debtor's Fourth Amended Plan, as corrected and modified.

In the alternative, the Debtor requests that if this Court does not agree to reconsider the confirmation of the Plan and allow the proposed Second Modification, it requests that this Court dismiss this Chapter 11 case and delay the effectiveness of the Order denying confirmation and dismissing the case until the Debtor, together with Adell Broadcasting, Inc. and STN. com, Inc. (the Companies) have exhausted their efforts to seek approval of a stay or supersedeas bond that would shelter the Debtor and the Companies from John Richards Home Building Company, L.L.C.'s (JRH) collection activities.

Needless to say, JRH has vigorously challenged the Debtor's right to obtain reconsideration of the Order denying confirmation contending that the Order was

correct and that the Plan was facially defective and cannot be confirmed as a matter of law. JRH further contends that, in light of several Orders entered by this Court in this Chapter 11 case which granted the Debtor only one opportunity to obtain confirmation, the Debtor should not be permitted to propose any further amendments to the Plan of Reorganization.

In order to place this Motion under consideration in proper focus of the turbulent and heavily litigated history of this Chapter 11 case which has so far 563 dockets entries and has spawned several appeals, all of which are still pending not only in this Court but also in the United States Bankruptcy Court for the Eastern District of Michigan (the Michigan Bankruptcy Court), a recap of the relevant events to the matter under consideration should be helpful.

The genesis of the major and the only battle between the Debtor and his sole antagonist, JRH, is an Involuntary Petition filed by the Debtor on June 24, 2002, against JRH pursuant to Section 303 of the Bankruptcy Code in the Michigan Bankruptcy Court.

On July 24, 2002, the Michigan Bankruptcy Court entered an Order and dismissed the Involuntary Petition. The Michigan Bankruptcy Court, in its Order of Dismissal provided that the Court would consider a request for imposition of sanctions against the Debtor pursuant to Section 303(i) of the Bankruptcy Code.

On April 25, 2003, after the conclusion of an evidentiary hearing on the Motion for Sanctions filed by JRH, the Michigan Bankruptcy Court issued its Memorandum Opinion (the Sanction Order). In the Sanction Order the Michigan Bankruptcy Court determined that "John Richards Home Building Co., L.L.C., shall recover from Kevin Adell compensatory damages in the amount of $4,100,000; punitive damages in the amount of $2,000,000; and attorney fees and costs in the amount of $313,230.68, plus interest at the statutory rate." The imposed sanctions in the amount of $6.4 million against the Debtor was based on the findings that the Involuntary Petition filed by the Debtor against JRH was filed in bad faith, thus, it was proper to impose sanctions against the Debtor for the bad faith filing, pursuant to Section 303(i) of the Bankruptcy Code.

JRH immediately commenced actions to enforce its Sanction Award and applied for an order determining that the Debtor's currently acquired residence in Naples, Florida, was not immune and could be subject to the satisfaction of the Sanction Order awarded to JRH.

On September 17, 2003, the Michigan Bankruptcy Court entered an Order (the Homestead Order) and concluded that Section 303(i) of the Bankruptcy Code trumps the constitutional provisions of the State of Florida, Article X, Section IV, or in the alternative, that the Debtor is not entitled to homestead exemption under applicable law because he was not a *bona fide* resident of the State of Florida. The Michigan Bankruptcy Court ordered the Debtor to sell his Naples, Florida, residence within 60 days.

The Debtor immediately challenged the Sanction Order by filing a Notice of Appeal and also challenged the Homestead Order and sought a stay pending appeal first in the Michigan Bankruptcy Court, which was promptly denied, and thereafter in the Michigan District Court.

The Sixth Circuit Court of Appeals (Court of Appeals) declined to consider the Emergency Motion for Stay Pending Appeal filed by the appellant, Kevin Adell. The Court of Appeals concluded that the same "... motion was pending before the

district court, a court that is in a better position to first address the issue of an appropriate bond" and, therefore, there was no need for an immediate ruling by the Court of Appeals.

Eventually, the District Court entered its Order denying the Debtor's Emergency Motion for Stay Pending Appeal. The District Court also denied the Debtor's Approval of Form of Supersedeas Bond. Having been aggrieved by the decision of the District Court, the Debtor filed an Emergency Motion for Stay Pending Appeal in the United States Court of Appeals for the Sixth Circuit.

The Debtor having failed to obtain a stay of the Homestead Order and being faced by the real possibility of losing his home in Naples, Florida, filed his Petition for Relief in this Court on November 14, 2003. Of course, JRH wasted no time and challenged the Debtor's right to seek relief under Chapter 11 and filed a Motion to Dismiss the Chapter 11 case for cause, pursuant to Section 1112(b) of the Bankruptcy Code, contending that the Petition was filed in bad faith. After extensive oral arguments and voluminous submissions post hearing in support of and in opposition of the Motion to Dismiss, on May 28, 2004, this Court entered its Order Denying the Motion to Dismiss. (Doc. No. 287).

In the Order Denying the Motion to Dismiss, this Court found that (1) the primary, if not the only, reason that the Debtor filed his Chapter 11 case was to prevent the enforcement of the Homestead Order entered by the Michigan Bankruptcy Court; (2) that he had no difficulty paying his debts as they became due with the exception of the Sanction Award; (3) that he could have prevented the sale of his residence in Naples, Florida, by obtaining a stay pending appeal, by posting a bond required by the District Court in the amount of $2.8 million; and (4) he had

sufficient funds to procure a surety bond but opted to keep litigating the issues on appeal. Nevertheless, this Court concluded that considering the policy aim of Chapter 11 as enacted, it would be appropriate to give the Debtor one chance to obtain confirmation of a Plan of Reorganization. The Order further provided that the Plan proposed by the Debtor could be amended only at the confirmation hearing through an order of confirmation and the confirmation hearing would not be rescheduled to allow the Debtor to file a Fourth Amended Plan.

On June 30, 2004, this Court entered its Order Overruling Objection to Debtor's Disclosure Statement; Approving Disclosure Statement; and Setting Confirmation. (Doc. No. 313). In its Order, this Court held that while it is appropriate to dismiss a Chapter 11 case for "cause," it would be inappropriate and premature to dismiss this Chapter 11 case based on the inadequacies of the Disclosure Statement as a matter of law as urged by JRH. This Court rejected the suggestion of JRH and held that confirmation issues should be considered at the confirmation hearing and not the hearing on Disclosure Statement. Thus, this Court set the hearing for confirmation for August 18, 2004.

On August 12, 2004, the Debtor filed a Notice of Filing Modification to Fourth Amended Chapter 11 Plan of the Debtor. At the confirmation hearing the Court heard extensive testimony of witnesses in support of and in opposition to confirmation of the Fourth Amended Plan, as modified, and considered all relevant portions of the record of this Chapter 11 case together with documentary evidence offered and admitted into evidence.

On October 27, 2004, this Court entered its Order on Confirmation of the Fourth Amended Chapter 11 Plan of the Debtor and Corrected Modifications to the Same.

(Doc. No. 455). In the Order, the Court denied confirmation of the Debtor's Plan because (1) the Court found the Plan, as modified, was not "fair and equitable," thus, violated Section 1129(b) of the Bankruptcy Code; (2) the classification of the unsecured claim of JRH was improper; and (3) the Fourth Amended Plan, as modified, was not "feasible" as required by Section 1129(a)(11) of the Bankruptcy Code.

The primary thrust of the denial of this Plan of Reorganization was directed at the Plan's treatment of the claim of JRH. The Court found that, under the provisions of the Plan offered for confirmation, JRH would not receive any funds whatsoever for possibly as long as ten years, while the other unsecured creditors would receive full satisfaction of their claims within 180 days from the date of confirmation.

On November 5, 2004, the Debtor filed the Motion for Reconsideration of the Order Denying Confirmation, which is the instant matter under consideration, but which was also considered by this Court at the time of filing the Motion, and an order entered on the same. The primary ground urged for reconsideration of the Order Denying Confirmation was that there were several pending contested matters which first had to be decided in order to determine whether the Plan meets the requirements for confirmation required by Section 1129 of the Bankruptcy Code. Specifically, the Debtor pointed out that there were outstanding objections to the Debtor's Homestead claim concerning his residence in Naples, Florida. The Debtor also pointed out that there was a pending Motion to Avoid Judicial Lien on the residence in Naples, Florida pursuant to Section 522(f)(1) of the Bankruptcy Code. In addition, the Debtor contended in his Motion for Reconsideration that this Court erred in its good faith analysis in applying the fair and equitable standard under Section 1129(b)(2)(B), and also erred in finding that the Plan was not feasible.

On the same date, November 5, 2004, STN.Com, Inc., and Adell Broadcasting filed a Motion for Reconsideration of Order on Confirmation of Fourth Amended Plan. (Doc. 460).

On December 16, 2004, this Court entered its Order on the Motions filed by STN.Com, Inc., Adell Broadcasting Corp. and the Debtor. (Doc. No. 481). In its Order this Court held that the Motions for Reconsideration and the Motion for Permission to File a Second Plan Modification shall be abated pending disposition of both the Objection to Debtor's claim of exemption filed by JHR and the Motion to Avoid Judicial Lien filed by the Debtor. The Order also provided that a final evidentiary hearing would be held before the undersigned on January 5, 2005, to consider the Objection to Debtor's Claim of Exemptions and the Debtor's Motion to Avoid Judicial Lien.

In this contested matter both sides filed Motions for Summary Judgment contending that the dispute concerning the Debtor's homestead exemption claim and the Debtor's right to invalidate the judicial lien of JRH could be resolved by undisputed facts, as a matter of law, in favor of their respective positions.

On January 31, 2005, this Court entered its Order on Amended Motion for Summary Judgment and Cross–Motion for Summary Judgment on the Objections to Debtor's Claim of Exemption's (Doc. No. 510) concerning the Debtor's right to claim his residence in Naples, Florida as exempt. The Court denied the Motion for Summary Judgment of JRH and overruled the Objection and granted the Debtor's Cross–Motion for Summary Judgment. The Court ruled that the Debtor's residence in Naples, Florida, qualified as his homestead

and the Debtor is entitled to the Constitutional protection granted to the Homestead in the State of Florida.

On February 1, 2005, this Court entered an Order on Debtor's Motion to Avoid Judicial Lien. (Doc. No. 511). In its Order, this Court held that the claimed lien on the Debtor's residence impairs the Debtor's right to fully enjoy the benefits of the homestead protection and also held that the Sanction Order and the Judgment entered by the Michigan Bankruptcy Court on April 25, 2003, is avoided and declared to be no longer enforceable pursuant to Section 522(f)(1)(A) of the Bankruptcy Code.

Based on the foregoing two Orders, it became evident that the relevance of this Court's Order denying confirmation of the Fourth Amended Plan, as modified or corrected, required a hearing to consider the instant Debtor's Motion for Reconsideration of Order Denying Confirmation; Motion for Permission to File and for the Court's Consideration a Second Plan Modification.

At the duly scheduled final evidentiary hearing held on March 8, 2004, on Debtor's Motion for Reconsideration this Court heard extensive argument by counsel with submission of authorities in support of and in opposition to the Motions under consideration. Having considered the record and based on the foregoing, this Court now finds and concludes as follows.

Counsel for the Debtor initially urged that this Court erred in its Order denying confirmation and, therefore, it is appropriate to reconsider the Order which denied confirmation. However, counsel for the Debtor also sought and argued extensively in support of a Motion for Leave to file an amendment to the Fourth Amended Plan. Considering the Motion for Reconsideration directed to the Order denying confirmation, this Court is satisfied that the Plan

of Reorganization, as presented for the Court's consideration, was flawed and did not meet the requirements of Section 1129 of the Bankruptcy Code and, therefore, could not be confirmed. This Court denied confirmation because it found that the Plan was not proposed in good faith, the Plan was not "fair and equitable" and the Plan was not "feasible." Counsel then proceeded to argue the merits of the proposed amendment. It is obvious based on the history of this turbulent and heavily fought Chapter 11 case that the initial and the threshold question is, should the Debtor be permitted to propose an amendment to the Plan of Reorganization? This is crucial because if the answer to this question is in the negative, the last controlling Order will be the Order which denied confirmation.

It is without question, and there is no dispute about it, that this Court reemphasized repeatedly that the Debtor shall be given only one opportunity to obtain confirmation, first in its Order denying the Motion to Dismiss and again in the Order overruling the Objection to the Debtor's Disclosure Statement.

Giving a Debtor one chance to obtain confirmation in a Chapter 11 is, of course, not based on the Code and neither is it mandated by the Bankruptcy Rules of Procedure. The one chance to obtain confirmation is imposed solely at the discretion of the court, generally in Chapter 11 cases, when the court has serious misgivings concerning the viability of the entity and concerning the purpose for which the Petition for Relief was filed. The underpinning of the Order which granted the Debtor only one chance to obtain confirmation was based on the proposition that this Court viewed the matter as only a two-party dispute and that the Petition was filed for the full purpose of avoiding the

requirements of obtaining a supersedeas bond pending appeal of the Homestead Order and/or the Sanctions Order entered by the Michigan Bankruptcy Court.

In this connection, this Court relied on *In re Natural Land Corporation,* 825 F.2d 296 (11th Cir.1987), where Judge Tjoflat speaking for the Eleventh Circuit Court of Appeals held that the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposals. Thus, any plan would fail under Section 1129(a)(3) of the Code, which requires that the plan submitted be proposed in good faith. *Natural Land,* 825 F.2d at 298. The Eleventh Circuit notes that, in light of this conclusion, it is doubtful that Congress intended that a creditor's rights be delayed merely to allow the bad faith debtor to present a Plan of Reorganization which, as a matter of law, could not be approved by the court.

■ Unlike Section 1129(a)(3) of the Bankruptcy Code, which requires as a condition precedent to confirmation of a Chapter 11 plan a finding by the court that the plan was proposed in good faith, Section 1112(b) of the Bankruptcy Code, provides that a case may be dismissed for cause. It has been long recognized by the Courts that bankruptcy proceedings must be brought and maintained in good faith. *See In re Victory Construction Co., Inc.,* 9 B.R. 549 (Bankr.C.D.Cal.1981), (explaining the historic development of the requirement of good faith in bankruptcy proceedings).

The Eleventh Circuit Court of Appeals in various cases has taken the position that there is no particular test for determining whether a debtor has filed a petition in good faith. However, in finding lack of good faith, the courts have stressed an intent to abuse the judicial process and the purposes of the reorganization process. *See In re Albany Partners Ltd.,* 749 F.2d

670, 674 (11th Cir.1984), *Natural Land,* 825 F.2d at 298, and *In re Phoenix Piccadilly,* 849 F.2d 1393, 1394 (11th Cir.1988), and see *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1027 (11th Cir.1989).

The Eleventh Circuit Court of Appeals in the case of *In re Phoenix Piccadilly* in determining bad faith in the filing of a Chapter 11 petition stated:

"[T]here is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence 'an intent of abuse the judicial process and the purposes of the reorganization provision' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce the legitimate efforts of secured creditors to enforce their rights.'"

*In re Phoenix Piccadilly,* 849 F.2d at 1394 (quoting *In re Albany Partners, Ltd.,* 749 F.2d at 674).

In the case of *In re Colonial Manor Associates, Ltd.,* 103 B.R. 315 (Bankr. M.D.Fla.1989), Judge Proctor in his decision applied the *Phoenix Piccadilly* factors in the context of a single asset real estate case and the amended Section 362(d) of the automatic stay. Based on this, the Court concluded that "the law of *Phoenix Piccadilly* is no longer applicable in light of this amendment." *See In re Jacksonville Riverfront Development, Ltd.,* 215 B.R. 239, 243 (Bankr.M.D.Fla.1997).

Pursuant to the enactment of the amendment of Section 362(d), Congress expressly recognized the right of a debtor in a "single asset real estate" case to seek protection under Chapter 11. Section 362(d)(3) contains specific provisions regarding the stay of an action against a single asset real estate case. The Court in *Jacksonville Riverfront* acknowledges that

other cases have held that the amendment did not overrule *Phoenix Piccadilly,* and the debtor in the pending case before him did not qualify as a "single asset real estate" debtor pursuant to Section 101(51B) of the Bankruptcy Code. *Jacksonville Riverfront,* 215 B.R. at 244 n. 5. The Court stated:

"This Court finds that Congress has clearly expressed its intention that the automatic stay not be lifted, and the case not be dismissed, simply because the case is a single asset real estate case. The application of the *Phoenix Piccadilly* factors to a single asset real estate case produces a result that directly conflicts with Congressional intent. The Reform Act demonstrates that Congress has not determined to uniformly deny single asset real estate debtors the right to reorganize. Accordingly, when determining whether cause exists to lift the stay or dismiss the case, the mere fact that a case is a single asset real estate case will not be the determining factor in this Court's analysis. . . .

In determining whether there has been a lack of good faith in this case, the Court will continue to consider factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provision of the Bankruptcy Code. (Citation omitted). Factors which evidence a debtor's intent (through the filing of a petition) to delay or frustrate the legitimate efforts of secured creditors to enforce their rights will also be considered."

*Id.* at 244. The Court in *Jacksonville Riverfront* concluded it was unwilling to conclude from the evidence provided to the Court that there was improper pre-petition conduct, neither was there any evidence indicating that the debtor intended to abuse the reorganization process, and declined to modify the stay. *Id.* See *In re*

*Balboa Street Beach Club, Inc.,* 319 B.R. 736, 742 (Bankr.S.D.Fla.2005) (quoting *In re Clause Enterprises of Ft. Myers, Ltd.,* 150 B.R. 476 (Bankr.M.D.Fla.1993)) ("there is nothing inherently improper for a debtor with one single asset to attempt to reorganize its affairs under the rehabilitative provisions of the Bankruptcy Code.").

In the case presently before the Court, the Debtor cannot dispute that the primary reason he filed his Chapter 11 Petition was to prevent the enforcement of the Homestead Order, which specifically directed the Debtor to sell his residence located in Naples, Florida. The case further has many of the characteristics of a "single asset real estate" case, that is: one asset; no unsecured creditors; no employees; a two-party dispute; and the filing of a Petition to avoid the Michigan Bankruptcy Court Homestead Order. However, the record before this Court warrants the conclusion that this Court by its Order dated January 31, 2005, determined that the Debtor is entitled to claim his residence in Naples, Florida homestead as exempt. This Court on February 1, 2005, further concluded that the Judicial Lien based on the Judgment entered by the Michigan Bankruptcy Court on April 25, 2003, is avoided and no longer enforceable pursuant to Section 522(f)(1)(A) of the Bankruptcy Code. Therefore, since this Court determined that the Debtor is entitled to his homestead exemption free and clear of any judgment lien of JRH, this Court is satisfied that the primary reason for filing his Chapter 11 case is for the legitimate purpose of protecting his homestead.

It is well recognized that the vast majority of Chapter 13 cases are filed for the sole and limited purpose to protect and foster the family home. *In the Matter of Hersch,* 23 B.R. 42 (Bankr.M.D.Fla.1982), *Hospital Affiliates of Florida, Inc. v.*

*McElroy,* 393 So.2d 25 (Fla. 3rd DCA 1981). However, in order to be eligible for Chapter 13 relief, Section 109(e) provides in part:

> "Only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, secured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, ..., that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, unsecured debts of less than $922,975 may be a debtor under chapter 13 ..."

■ It should be further emphasized that, Section 109(d) of the Code states, "... a person that may be a debtor under Chapter 7 ... may be a debtor under chapter 11 ..." Therefore, it should be noted, that any "person" who cannot qualify as a Chapter 13 debtor due to the size of an alleged judgment, is not precluded from filing as an "individual" for relief under Chapter 11. *See In re Moog,* 774 F.2d 1073 (11th Cir.1985)(the court holding there is no statutory basis for excluding consumer debtors not engaged in business from seeking relief under Chapter 11.)

■ The debtor's right to claim exemption is governed by Section 522 of the Code. This Section is applicable to all operating Chapters, including a Chapter 11 case, in the case where the debtor is an individual. It is beyond peradventure that individual debtors are eligible for relief under Chapter 11. *See Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991) (the Supreme Court resolved the conflict by holding that individuals not engaged in business are eligible for relief under Chapter 11). Thus, for the reason stated above, there is no valid reason that a debtor who cannot qualify as a Chapter 13 debtor, due to the size of his secured and unsecured debts, cannot utilize Chapter 11 for the sole purpose to protect his family home.

■ In the last analysis the real test is whether the debtor had an honest desire and an ability to achieve in the Chapter 11 case, a goal which is consistent with the well established policy aims of Chapter 11. On the other hand, a Plan which is not filed in good faith may not be confirmed by virtue of Section 1129(a)(3) of the Code. Thus, if the court finds that the Plan purposed by the debtor was filed to achieve an improper purpose and it was an abuse and a misuse of the protective provisions of the Chapter, the debtor's Plan cannot be confirmed. This Court had no difficulty finding bad faith of the Debtor in the case of *In re Winn,* 43 B.R. 25 (Bankr.M.D.Fla. 1984).

In *Winn,* this Court found that it was clear that the "purpose for filing the Chapter 11 was to frustrate the contempt proceeding in the United States District Court...." This Court held that "evidence of intent to abuse or misuse the reorganization process is sufficient 'cause' to warrant a dismissal under § 1112(b)...." *See Winn,* 43 B.R. at 28. *See also Matter of Port Richey Service Co., Inc.,* 44 B.R. 634 (Bankr.M.D.Fla.1984) (the purpose of filing was to delay enforcement of Circuit Court order).

While it is true that the issue of bad faith of a debtor in both *Winn* and *Port Richey* was raised at the initial stage of the Chapter 11, when the right to relief of the Debtor was challenged in the present instance, it is raised in connection with the good faith requirement of Section 1129(a)(3) for confirmation. This is really a distinction without difference.

In the instant case before this Court, the Debtor, who is facially ineligible to file

under Chapter 13, filed a Chapter 11 Reorganization case in order to protect his homestead. The right of the Debtor to claim the constitutional protection of homestead in Florida has been established by this Court's Order entered on January 31, 2005, which overruled the objection to the Debtor's homestead claim of his residence in Naples, Florida. This Court held that the Debtor is eligible for the benefits of homestead protection granted by Article X, Section 4 of the Florida Constitution and the Debtor's residence in Naples, Florida, is immune and not subject to the claim of JRH's Sanction Order. Furthermore, this Court on February 1, 2005, also ruled that the Judgment Lien claimed by JRH on the Debtor's Naples, Florida residence is voidable pursuant to Section 522(f)(1) of the Code because it impairs the exemption to which the Debtor is entitled.

Thus, it is clear that the goal of this Debtor seeking protection under Chapter 11 was a well recognized legitimate goal and a proper use of the Code provisions designed by Congress to assist debtors who are faced with the real possibility losing the family home to a judgment creditor. In this instance this Court has ruled that the Judgment Lien of JRH may be avoided by the Debtor under Section 522(f)(1) of the Bankruptcy Code. Therefore, it is appropriate to grant the Debtor an additional opportunity to file a new Plan of Reorganization and obtain confirmation provided that the new Plan meets all of the requirements of Section 1129(a) of the Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Reconsideration of Order Denying Confirmation; Motion for Permission to File and for the Court's Consideration of Second Plan Modification (Doc. No. 461) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that a Confirmation Hearing shall be held on _____, 2005, beginning at _____.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida.