**In the Matter of PORT RICHEY SERVICE CO., INC., Debtor.**

**Bankruptcy No. 83–2589.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 4, 1984.

Frank Natter and Harold Wilson, Clearwater, Fla., for debtor.

F. Wallace Pope, Jr., Tampa, Fla., for Cliffton Mgmt. Corp.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion to Dismiss filed by Cliffton Management Corporation, a creditor of Port Richey Service Co., Inc., the Debtor in the above-styled Chapter 11 case. Cliffton seeks the entry of an order dismissing the Chapter 11 case pursuant to § 1112(b) of the Bankruptcy Code based on the contention that the petition was not filed in good faith.

The Court heard argument of counsel, considered the record and finds as follows:

In April of 1978, the principal and manager of the Debtor, Harold Wilson, acquired a waste water treatment plant along with the collection lines, lift stations and force mains that service the plant. This plant is located on real property owned by Cliffton and one of the lift stations also encroaches on Cliffton's property. After acquiring the sewage treatment system, Wilson then conveyed it to the Debtor.

Subsequently, the Debtor filed a suit in Pinellas County Circuit Court to have the plant together with the sewer lines declared to be the personal property of the Debtor. On November 16, 1978, the Pinellas Circuit Court held that the sewage treatment system was personal property of the Debtor and that for a period of three years the Debtor was entitled to a temporary license to use the real property on which the plant is located in order to operate the plant. However, that Court also ordered that the Debtor remove the treatment plant from Cliffton's real property before the three year period lapsed. The Debtor failed to comply with that order.

On February 11, 1982, the Pinellas Circuit Court entered an order to enforce the final judgment which directed the Debtor to remove the treatment plant from Cliffton's property. The Debtor appealed the order, but the Second District Court of Appeals affirmed the order enforcing the final judgment.

Prior to the expiration of the Debtor's license to use Cliffton's property, the Debtor brought a condemnation action against Cliffton in Pasco County Circuit Court. On April 29, 1982, the Circuit Court denied the Debtor's motion for a quick taking and estimation of value, finding that the Debtor's eminent domain action was an abuse of the power of eminent domain. The Debtor

appealed the Circuit Court's ruling but the Second District Court of Appeals affirmed the trial court's decision.

Thereafter, the Circuit Court entered a final summary judgment against the Debtor in the eminent domain action. After being denied a rehearing, the Debtor appealed the summary judgment and this appeal is still pending.

On August 22, 1983, Cliffton filed a motion for an order of contempt against the Debtor for its failure to comply with the Pinellas Circuit Court decision. Before the motion could be heard, the Debtor filed its bankruptcy petition on December 15, 1983. The Statement of Liabilities filed with the Petition reflects that the Debtor has no secured debts and only three unsecured creditors with claims totalling $19,461.12. However, as reflected by Schedule B the Debtor has assets worth over $216,000.

Cliffton contends that the Debtor invoked the jurisdiction of this Court only as a dilatory tactic in an attempt to avoid complying with the Circuit Court order directing the Debtor to remove the treatment plant. It is Cliffton's position that such conduct is an improper use of the Chapter 11 proceeding and is contrary to the purposes of Chapter 11 and, therefore, the Chapter 11 case should be dismissed on the ground that it was filed in bad faith.

Evidence of an intent to abuse or misuse the reorganization process of Chapter 11 is sufficient "cause" to warrant a dismissal of the case pursuant to § 1112(b). *In re 299 Jack Hemp Associates*, 20 B.R. 412 (Bankr. S.D.N.Y.1982); *In re Spendard Ventures, Inc.*, 18 B.R. 164 (Bankr.D.Alaska 1982). Furthermore, while there is nothing in the Code which authorizes a dismissal of a Chapter 11 case for lack of good faith, it is generally recognized that the concept of good faith is an implicit prerequisite to filing and maintaining a Chapter 11 case. *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bankr.C.D.Cal.1981).

■ While no single factor is determinative of the issue, when the question of lack of good faith is raised the Court must examine all of the facts and circumstances of the case under consideration in reaching its decision. *In re Thirtieth Place, Inc.*, 30 B.R. 503 (9th Cir.1983). The transfer of assets to a non-debtor immediately prior to filing bankruptcy has been considered evidence of a bad faith filing, *In the Matter of Levinsky*, 23 B.R. 210 (Bankr.E.D.N.Y. 1982), and the absence of unsecured creditors has been held as an attempt to abuse the jurisdiction of the Court. *In re Groundhog Mountain Corp.*, 1 B.C.D. 923 (Bankr.S.D.N.Y.1975).

The tactics of the Debtor in the present case are similar to those found in the case of *In re Landmark Capital Co.*, 27 B.R. 273 (Bankr.D.Ariz.1983). The debtor in *Landmark* originally moved for a preliminary injunction in the District Court to enjoin the sale of certain property subject to a deed of trust. When the District Court refused to grant the injunction, the Debtor filed its petition. The Court found that the debtor filed its petition for the sole purpose of forestalling the movant from exercising a power of sale provision under the deed of trust. There were no substantial unsecured creditors other than the movant and the court determined that the debtor did not seek to reorganize its debt structure but rather the proceeding was in effect a two party dispute between the debtor and the movant which should be settled outside the jurisdiction of the Bankruptcy Court. The Court held that the debtor's conduct was inconsistent with the purpose, spirit and intent of Chapter 11.

■ It is clear from the record that the Debtor in the case at bar does not seek to utilize the provisions of Chapter 11 in a bona fide effort to reorganize its debt structure. Rather, the Debtor filed its petition solely for the purpose to delay the enforcement of the Circuit Court order which required the Debtor to move its treatment plant. Like the proceeding in *In re Landmark*, this case is, in effect, a two party dispute and not a case in which a financially distressed debtor seeks rehabilitation through the provisions of Chapter 11 of the Bankruptcy Code. To allow the Debtor to continue to use this Court to avoid complying with the state court's order would be inconsistent with underlying purposes of reorganization and constitute an abuse of this court's jurisdiction.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss filed by Cliffton Management Corporation be, and the same hereby is, granted and the Chapter 11 case filed by Port Richey Service Co., Inc. be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Official Creditors' Committee heretofore appointed by this Court be, and the same hereby is, discharged and relieved of any further duties. It is further

ORDERED, ADJUDGED AND DE-CREED that the Clerk of the Bankruptcy Court be, and the same hereby is, directed to notice the entry of this Order to all creditors and parties of interest.