**In re Hattie I. SIEGEL, Debtor.**

**No. 05–30880–BKCSHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

April 7, 2006.

John T. Metzger, West Palm Beach, FL, for debtor.

Stuart Young, West Palm Beach, FL, for Silver Fidelity.

*ORDER DENYING MOTION FOR SANCTIONS, PURSUANT TO RULE 9011(c), FILED BY SECURED CREDITOR SILVER FIDELITY TRUST, LLC*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

**THIS CAUSE** came on to be heard on August 13, 2005 upon the Motion for Sanc-tions, Pursuant to Rule 9011(c) ("Motion for Sanctions") (C.P. 22) filed by Silver Fidelity Trust, LLC. On September 13, 2005, McDonald Hopkins, Co., P.A., filed a Memorandum of Law in Opposition to Creditor, Silver Fidelity Trust, LLC's Motion for Sanctions Pursuant to Rule 9011(c) (C.P. 55). By way of the Motion for Sanctions, Silver Fidelity Trust, LLC ("Silver Fidelity") seeks to impose sanctions, in the form of attorney's fees and costs, against Hattie Siegel and her counsel on the basis of a bad faith filing. The Court, having carefully considered the Motion for Sanctions and the Memorandum in Opposition, together with argument thereon, and being otherwise fully advised in the premises, **denies** the Motion for Sanctions.

On March 3, 2005, the debtor filed for relief under chapter 11 of the Bankruptcy Code. On June 6, 2005, this Court entered an Order Granting Motion to Convert Case from Chapter 11 to 7 (C.P. 21). Prior to the filing of the bankruptcy petition, the Village of Tequesta, Florida, was granted a Final Judgment of Foreclosure in the amount of $1.7 million dollars ("Judgment") against the debtor in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, (Case No. CA 02–5834AB). Pursuant to the Judgment, the Village of Tequesta sought to foreclose upon property of the debtor as a result of the imposition of a municipal fine entered against the debtor for excessive vegetation and her failure to adequately maintain her residence. On March 2, 2005, one day prior to the bankruptcy filing, the Village of Tequesta, Florida, assigned its Final Judgment of Foreclosure to Silver Fidelity.

At the hearing on the Motion for Sanctions, John T. Metzger, counsel for the debtor, proffered to the Court that three

days prior to the scheduled foreclosure sale, he was contacted by Governor Jeb Bush's Office of General Counsel to represent the debtor in a pending state court foreclosure proceeding on a pro bono basis. Mr. Metzger met with the debtor to discuss her case. Two days prior to the scheduled foreclosure sale of the Tequesta property, a hearing was scheduled before Judge Jonathan Gerber in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to determine the status of the debtor's Tequesta property with respect to a homestead exemption. Upon Judge Gerber learning of the assignment of the Judgment from the Village of Tequesta to Silver Fidelity, Judge Gerber announced that he would be required to recuse himself due to the fact that Silver Fidelity's counsel was Alfred LaSorte, Esq., who was Judge Gerber's former law partner. Mr. Metzger asserts that, due to the lack of sufficient time prior to the scheduled foreclosure sale to obtain a judicial determination as to whether the property constituted the debtor's homestead, he was unable to reschedule the hearing. Mr. Metzger further asserts that based upon the consultation with the debtor, he understood that the debtor was seeking to reorganize her affairs in a chapter 11 bankruptcy through a liquidating plan. In addition to the debtor's Tequesta residence, the Village of Tequesta sought to foreclose its Judgment against three other vacant parcels of land located in Palm Beach County, Florida, owned by the debtor. The debtor also owned a residence in Charleston, South Carolina, along with two adjoining vacant lots. The Judgment did not seek to foreclose the debtor's interest in these South Carolina properties. Therefore, through a liquidating chapter 11 plan, Mr. Metzger contends that the debtor intended (1) to assert a homestead exemption as to the Tequesta property that Silver Fidelity sought to foreclose, (2) to determine Silver Fidelity's standing as a judgment holder, (3) to challenge the validity of the assignment of the Judgment by the Village of Tequesta, (4) to reduce the fine imposed by the Village of Tequesta as being excessive, and (5) to facilitate the liquidation of the debtor's assets for the benefit of her creditors.

Stuart Young, counsel for Silver Fidelity, asserts that the actions of the debtor and her counsel, both in state and federal court, were effected solely to delay the state court foreclosure sale at the expense of the debtor's creditors. Mr. Young further asserts that this is a two-party dispute and that the debtor is 83 years of age, retired, and suffers from congestive heart failure such that she would be unable to propose a viable a plan of reorganization. Mr. Young, in his argument, cited to *In re Richard Eric Serfass*, 325 B.R. 901 (Bankr.M.D.Fla.2005), for the proposition that a chapter 11 petition may be considered as having been filed in bad faith when a debtor is not employed and seeks bankruptcy protection solely to halt pending litigation. The Court in Serfass held that there exist "hallmarks of bad faith filing" which include a two-party dispute and an absence of a sincere desire to reorganize the financial affairs of the debtor. *Id.* at 905. However, the court further held that when determining whether a chapter 11 petition is filed in bad faith "[t]he real test which still remains is the presence of the honest intention of the debtor, the actual need, and the ability to effectuate the aim of reorganization." *Id.* at 906.

The seminal bad faith filing case in the Eleventh Circuit is *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Virginia*, 849 F.2d 1393 (11th Cir.1988), wherein the court identified six factors which evidence a bad faith filing:

(i) The debtor has only one asset, the property, in which it does not hold legal title;

(ii) The debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

(iii) The debtor has few employees;

(iv) The property is the subject of a foreclosure action as a result of arrearage on the debt;

(v) The debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and

(vi) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

*Id.* at 1394–95. Pursuant to Phoenix Piccadilly, the courts may consider factors which evidence an intent to abuse the judicial process and the purposes of the reorganization. *Id.* at 1394. In the instant case, there is no dispute that the debtor's financial problems stem from the Judgment. However, the debtor's desire to liquidate her remaining real property interests located in Florida and South Carolina for the benefit of her creditors takes her bankruptcy outside of the realm of a bad faith filing. The Court is satisfied that the debtor availed herself of the protections afforded by a chapter 11 bankruptcy filing for the purpose of conducting an orderly liquidation of her assets. The Court determines that the bankruptcy was filed with an honest intention and legitimate need and ability to reorganize. The Court further finds that the debtor's March 3, 2005 chapter 11 filing **was not** an act of bad faith warranting the imposition of sanctions under Bankruptcy Rule 9011(c). Accordingly, it is

**ORDERED** that the Motion for Sanctions is **denied**.